**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| James R. *Bartholomew*, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 08 CV 4910 (AKH) |
| Morgan Stanley and Morgan Stanley & Co. Incorporated, | ) ) | |
| Defendants. | ) ) | |

**JAMES R. BARTHOLOMEW'S MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF FINKELSTEIN THOMPSON LLP AS INTERIM CLASS COUNSEL FOR INVESTMENT ADVISOR ACT AND COMMON LAW CLAIMS**

## INTRODUCTION

Plaintiff James R. Bartholomew ("Bartholomew" or "Plaintiff") submits this memorandum of law in support of his motion to appoint Finkelstein Thompson LLP as interim class counsel with respect to the Investment Advisers Act of 1940 ("IAA"), 15 U.S.C. §80b-1, *et seq*., and common law claims brought against Morgan Stanley and Morgan Stanley & Co. Incorporated (collectively, "Morgan Stanley" or "Defendants") in connection with their Auction Rate Securities ("ARS"). As set forth more fully herein, Bartholomew will suffer real and demonstrable prejudice if his claims are litigated by the same lead counsel appointed to preside over certain claims in related class actions, as those other class actions are subject to the Private Securities Litigation Reform Act of

1995, 15 U.S.C. § 78u-4 ("PSLRA").[1]  When faced with a similar situation, Judge

McKenna of this District addressed the conflict by appointing one counsel to preside as

lead counsel over all claims subject to the PSLRA, and appointed separate interim class

counsel to preside over all non-PSLRA claims.  *See Memorandum and Order, In re UBS*

*Auction Rate Securities Litigation*, 08-2967 (S.D.N.Y. July 16, 2008) ("UBS Order."),

attached as Exhibit A to the Declaration of Michael G. McLellan (McLellan Dec.).  This

Court should do the same and appoint Finkelstein Thompson LLP as interim class

counsel for the IAA and common law claims, to prosecute those claims alongside the

lead counsel appointed to prosecute the PSLRA claims.

## BACKGROUND

As set forth more fully in Plaintiff's Opposition to the Motion of Morgan Stanley

and Morgan Stanley & Co. Incorporated for Consolidation, Bartholomew's Action is the

only action brought against Morgan Stanley in connection with its ARSs that is ***not***

subject to the mandatory discovery stay of the Private Securities Litigation Reform Act of

1995, 15 U.S.C. § 78u-4 ("PSLRA").  This is because Bartholomew made the "legally

respectable choice to . . . avoid the difficulties posed by the PSLRA, one of which is

delay" and pursued solely IAA claims and state common law claims.  *UBS Order* at 4.

However, Defendants have indicated they believe Bartholomew's case should be

fully consolidated with the PSLRA Cases and that "a single plaintiff or plaintiff group be

appointed to pursue any and all claims on behalf of a class."  *Memorandum in Support of*

*the Motion of [Morgan Stanley] for Consolidation* at 1 (Docket # 11). Similarly, PSLRA

lead counsel movant Girard Gibbs has requested it be appointed lead counsel for the

---

[1] Bartholomew's action is one of three brought against Morgan Stanley in connection with the sales and marketing of ARSs.  The other two are *Miller v. Morgan Stanley & Co. Incorporated*, No. 08 CV 3012 and *Jamail v. Morgan Stanley & Co. Incorporated*, No. 08 CV 4910.

PSLRA and as interim class counsel for the IAA and state common law claims, despite the fact that Girard Gibbs chose not to assert such claims on behalf of its client. *See* Letter from Daniel C. Girard to the Honorable Alvin K. Hellerstein, July 2, 2008, at 2 (Exhibit B to McLellan Dec.) (requesting Girard Gibbs be appointed lead counsel "in the PSLRA cases and as interim class counsel for the non-PSLRA claims.").   Such appointment would prejudice Bartholomew, as it would almost certainly have the effect of subjecting his claims to the PSLRA's mandatory discovery stay.  Accordingly, Bartholomew now respectfully requests his counsel – Finkelstein Thompson LLP – be appointed interim class counsel for the IAA and state common law claims, to prosecute those claims alongside the lead counsel appointed to prosecute the PSLRA claims.

        Such appointment would be similar to the leadership structure recently put into place in *In re UBS Auction Rate Securities Litigation.  UBS Order* at 12 – 13.  In that case, Judge McKenna was faced with a virtually identical situation to the one presented here – that is, several 10b-5 cases had been filed in connection with UBS's sales of auction rate securities, and Bartholomew's counsel had brought IAA and state common law claims in connection with same.  Judge McKenna properly noted that the IAA plaintiffs had made the "legally respectable choice to . . . avoid the difficulties posed by the PSLRA, one of which is delay." *UBS Order* at 4.   Accordingly, Judge McKenna appointed lead counsel for the 10b-5 claims pursuant to the PSLRA, but also appointed the law firm of Schoengold Sporn Laitman & Lometti as interim lead counsel to prosecute the IAA and state common law claims.[2]  This Court should follow the same

---

[2] The Schoengold firm serves as liaison counsel in Bartholomew's case, and Finkelstein Thompson LLP has affiliated with Schoengold in the UBS case.

procedure and appoint Finkelstein Thompson LLP as interim class counsel for the IAA and common law claims.

I.    **This Court Has The Authority To Appoint Finkelstein Thompson LLP As Interim Class Counsel for the IAA and Common Law Claims**

This Court is empowered by F.R.C.P. 23(g)(2)(A) to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing interim class counsel, it is "generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Air Cargo Shipping Services Antitrust Litigation*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). These factors include "the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class." *Id.* Moreover, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." F.R.C.P. 23(g)(1)(C)(ii). Ultimately, "the court's goal is 'achieving efficiency and economy *without jeopardizing fairness to the parties*.'" *Air Cargo*, 240 F.R.D. at 57. (emphasis added).

II.    **Appointing Finkelstein Thompson LLP As Lead Counsel for the IAA and Common Law Claims Will Best Serve the Interests of the Class**

"[T]he primary responsibility of class counsel, resulting from appointment as such, is to represent the best interests of the class." *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004). For the reasons set forth

below, Finkelstein Thompson LLP would best represent the Class in connection with its non-PSLRA claims and, accordingly, should be appointed interim class counsel with respect to those claims.

### a. Proposed Lead Counsel Has Identified and Investigated the IAA Claims

Rule 23 makes it clear that a substantial factor for the Court's consideration in deciding interim lead counsel is the work counsel has done in identifying or investigating potential claims.  F.R.C.P. 23(G)(1)(C)(i).  As discussed above, Bartholomew has filed the only complaint alleging IAA and state common law claims against Morgan Stanley in connection with its ARS sales.  As such, this factor strongly militates in favor of appointing Finkelstein Thompson LLP as interim class counsel for those claims.  F.R.C.P. 23(G)(1)(C)(i).  Indeed, as the *UBS* court observed, "[c]ounsel in the [IAA] case did the initial work on those claims, and it makes sense that they should remain responsible for prosecuting those claims."  *UBS Order* at 12.  Such appointment would ensure that the putative class is represented by counsel most familiar with the law and factual underpinning surrounding the IAA and state common law claims.

### b. Proposed Lead Counsel Have the Experience, Knowledge, Resources, and Other Qualifications to Best Represent the Class

The remainder of the specific F.R.C.P. factors – that is, counsel's experience, knowledge of the applicable law, and resources counsel will commit to representing the class – again strongly weigh in favor of Finkelstein Thompson LLP's appointment as lead counsel in this action.

i. **Finkelstein Thompson LLP's Attorneys Are Experienced Class Action Litigators**

Finkelstein Thompson LLP, founded in 1977, is a boutique litigation firm focusing primarily on class action litigation involving antitrust violations, fraud and crime in the banking, securities and commodities industries, and consumer fraud. The firm regularly litigates complex securities and corporate governance issues, and enjoys a national reputation for high-quality and successful recoveries for our clients. Indeed, the firm has served in leadership positions in cases that have collectively recovered hundreds of millions of dollars for investors. *See* McLellan Dec. at Exhibit C (Finkelstein Thompson LLP Firm Resume). Moreover, Finkelstein Thompson LLP has affiliated with the law firm of Schoengold Sporn Laiman & Lometti, P.C., who is serving as FT's liason counsel in this case. The Schoengold firm has significant experience in its own right. *See* McLellan Dec. at Exhibit D. (Schoengold Sporn Laiman & Lometti, P.C. firm resume). Moreover, Schoengold has been appointed as interim class counsel for IAA claims in the UBS ARS case, and FT has affiliated with the Schlengold firm in that case as well.

Given this background, there can be no doubt that Finkelstein Thompson has the requisite experience to successfully represent the class.

ii. **FT's Knowledge of the Applicable Law**

Similarly, Finkelstein Thompson's knowledge of the applicable law is indisputable. Senior partner Burton H. Finkelstein is the former head of the Administrative and Criminal Trial Unit of the Securities and Exchange Commission and has been litigating complex securities issues for over forty years. And, as demonstrated by the outstanding results FT LLP has obtained in prior litigations, FT LLP has extensive

knowledge of securities and class action laws – knowledge which will serve the best interests of the Class.  *See* McLellan Dec., Exhibit B.

### iii.  FT LLP Will Commit the Necessary Resources To This Case

Moreover, FT's history of providing successful representation in class actions demonstrates FT's willingness to use all necessary resources to represent the class. Indeed, as a matter of course, FT advances expenses for class actions spanning years, and obtains outstanding recoveries in those cases.  FT is fully prepared to do the same in this instance.

### c.  The Bartholomew Action Is Not Subject to the PSLRA Discovery Stay

As mentioned above, this Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class" in determining whether a particular counsel should be appointed interim class counsel. F.R.C.P 23(g)(1)(C)(ii).  As discussed more fully in Bartholomew's Opposition to Morgan Stanley's Motion to Consolidate, of the various plaintiffs suing Morgan Stanley in connection with their ARS investments, Bartholomew and his counsel are the only class plaintiffs prosecuting claims ***not*** subject to the PSLRA stay and the various delays that stay will create.  This militates further in favor of appointment of Finkelstein Thompson LLP as interim class counsel for the IAA and state law claims.  *See UBS Order* at 4 (noting IAA plaintiffs had made the "legally respectable choice to proceed only under the [IAA] in order to avoid . . . delay" and appointing separate counsel for those claims).  Put simply, such appointment would ensure that the IAA claims and the common law claims are prosecuted free from the delay that is "simply a part of the process in a PSLRA case."  *Fisher v. Kanas*, 06-1187, 2006 WL 2239038, at *3

(E.D.N.Y. Aug. 4, 2006). As such, Bartholomew and his class members would be able to receive any relief they may be entitled to much more speedily than they would were they forced to proceed on the same schedule as the PSLRA Cases.

### III.    The Proposed Structure Would Be Efficient and Manageable.

The present motion, if granted, would create an efficient and manageable structure for prosecution of ARS- related claims against Morgan Stanley. FT LLP would serve as one of two leads, alongside the lead counsel appointed for the 10b-5 claims pursuant to the PSLRA. This type of two-part leadership structure is both common and manageable. *See, e.g. UBS Opinion*; *see also Tyco Int'l Multidistrict Litig.*, 02-1335, 2003 WL 23830479 (D.N.H. Jan. 29, 2003).

Moreover, such a structure would minimize any unnecessary burden on Defendants. The only additional obligations Morgan Stanley would have is to comply with its discovery obligations prior to the adjudication of a Motion to Dismiss – discovery to which Bartholomew is entitled. Moreover, Plaintiffs here are willing to further minimize that burden by agreeing to limit discovery to materials already produced to the government. *In re Royal Ahold N.V. Securities & Erisa Litigation*, 220 F.R.D. 246, 250 (D. Md. 2004) (ordering production of materials produced to investigators and noting "the burden of producing the materials should be slight, considering that the defendants have previously produced them to other entities."). As such, any additional burden on Morgan Stanley would be minimal and would not justify denial of FT LLP's appointment as interim lead counsel for the IAA claims.

## CONCLUSION

For the reasons set forth above, this Court should appoint Finkelstein Thompson LLP as interim class counsel with respect to the IAA and common law claims brought against Defendants in connection with their sales of ARSs.


DATED:  New York, New York
           July 21, 2008

Respectfully submitted,

**SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.**

__/s/ Frank R. Schirripa_____
Samuel P. Sporn (SPS-4444)
Joel P. Laitman (JL-8177)
Frank R. Schirripa (FS-1960)
19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046
Facsimile (212) 267-8137

*Local Counsel*

**FINKELSTEIN THOMPSON, LLP**
Burton H. Finkelstein, Esq.
Donald J. Enright, Esq.
Michael G. McLellen, Esq.
Elizabeth K. Tripodi, Esq.
1050 30th Street, N.W.
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

*Attorneys for Plaintiff James R. Bartholomew*

<u>**CERTIFICATE OF SERVICE**</u>

I, Michael G. McLellan, one of the counsel for Plaintiff in the above-referenced action, do hereby certify that on July 21, 2008, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.  Parties may access this filing through the Court's CM/ECF System.

\_\_/s/ Michael G. McLellan_____
Michael G. McLellan
